**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Middle District of Tennessee
(State)

Case number *(if known):* _____   Chapter   11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals***, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Dura Automotive Systems Cable Operations, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Dura Automotive Systems, LLC** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **27-1937052** |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1780 Pond Run**<br>Number          Street | Number          Street |
| | P.O. Box |
| **Auburn Hills, Michigan 48326**<br>City                     State     Zip Code | City                               State<br>                    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Oakland County**<br>County | Number          Street |
| | City                               State<br>                    Zip Code |

**5. Debtor's website** (URL)     **www.duraauto.com**

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4413 (Automotive Parts, Accessories, and Tire Stores)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | | When | | Case number | |
| --- | --- | --- | --- | --- | --- |
| | | | MM/DD/YYYY | | |
| District | | When | | Case number | |
| | | | MM/DD/YYYY | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | | | |
| --- | --- | --- | --- | --- |
| Debtor | **Dura G.P. (See Rider 1)** | Relationship | **Affiliate** | |
| District | **Middle District of Tennessee** | | | |
| | | When | **10/16/2019** | |
| Case number, if known | | | MM / DD / YYYY | |

| **11. Why is the case filed in *this* district?** | *Check all that apply:* |
|---|---|
| | ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number      Street

_____
City          State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

        Contact name _____

        Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | | |
|---|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

---

[1] The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

**16. Estimated liabilities**

| | |
|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **10/16/2019**
               MM/ DD / YYYY

✗    **/s/ Kevin Grady**                           **Kevin Grady**
     Signature of authorized representative of debtor    Printed name

Title    **Authorized Signatory**

**18. Signature of attorney**

✗    **/s/ William L. Norton III**        Date **10/16/2019**
     Signature of attorney for debtor          MM/DD/YYYY

**William L. Norton III**
Printed name

**Bradley Arant Boult Cummings LLP**
Firm name

**1600 Division Street, Suite 700**
Number            Street

**Nashville**                          **TN**        **37203**
City                                   State      ZIP Code

**(615) 252-2397**                     **bnorton@bradley.com**
Contact phone                          Email address

**10075**                **Tennessee**
Bar number            State

Case 3:19-bk-06737    Doc 1    Filed 10/17/19    Entered 10/17/19 01:45:41    Desc Main
                      Document    Page 4 of 24

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Middle District of Tennessee
(State)

Case number *(if known):* _____   Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Middle District of Tennessee for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Dura Automotive Systems, LLC.

- Dura Automotive Systems, LLC
- Dura Automotive Systems Cable Operations, LLC
- Dura Fremont L.L.C.
- Dura G.P.
- Dura Mexico Holdings, LLC
- Dura Operating, LLC
- NAMP, LLC

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DURA AUTOMOTIVE SYSTEMS CABLE OPERATIONS, LLC, | ) Case No. 19-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Dura Automotive Systems Cable Operations, LLC | Dura Operating, LLC | 1780 Pond Run Auburn Hills, Michigan 48326 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| DURA AUTOMOTIVE SYSTEMS CABLE | )    Case No. 19-_____(___) |
| OPERATIONS, LLC, | ) |
| | ) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Dura Operating, LLC | 100% |

**OMNIBUS WRITTEN CONSENT IN LIEU OF MEETINGS**

**Dated as of October 16, 2019**

The undersigned, being all of the members of the Transaction Committee (as such term is defined in the applicable Governing Documents), the Manager (as such term is defined in the applicable Governing Documents), or the partners, as applicable (each, a "Governing Body"), of the applicable entity set forth on **Exhibit A** attached hereto (each, a "Company," and, collectively, the "Companies"), hereby take the following actions and adopt the following resolutions pursuant to the limited liability company agreement, operating agreement, partnership agreement, bylaws, or similar governing document, as applicable (in each case as amended or amended and restated, the "Governing Documents") of each Company and the laws of the state of formation of each Company as set forth next to each Company's name on **Exhibit A**;

WHEREAS**,** Dura Automotive Systems, LLC, a Delaware limited liability company, as debtor and debtor-in-possession (the "Borrower"), the other Companies as guarantors of the obligations thereunder (the "Guarantors"), Ark II CLO 2001-1, Ltd. and its affiliates (the "Lenders"), and Patriarch Partners Agency Services, LLC, as administrative agent for the Lenders (together with its permitted successors and assigns in such capacity, the "Administrative Agent") and as collateral agent (together with its permitted successors and assigns in such capacity, the "Collateral Agent"), propose to enter into that certain debtor-in-possession senior secured superpriority term sheet (the "DIP Term Sheet"), dated as of the date hereof;

WHEREAS**,** the obligation of the Lenders to make the DIP Loans to the Borrower under the DIP Term Sheet is subject to each Company having satisfied certain conditions described in the DIP Term Sheet;

WHEREAS, each Governing Body has considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

WHEREAS, each Governing Body has had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies;

WHEREAS**,** each Company will receive benefits from the receipt by the Borrower of the DIP Loans made by the Lenders under the DIP Term Sheet; and

WHEREAS**,** it is in the best interests of each Company to enter into the DIP Term Sheet and each other DIP Loan Document (as defined below) to which it is a party and any other agreement, document, instrument, certificate, recording and filing relating thereto.

NOW, THEREFORE, BE IT,

## Chapter 11 Filing

RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy court for the Middle District of Tennessee (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

RESOLVED, that any of Lynn Tilton, as Chief Executive Officer, Kevin Grady, as Chief Financial Officer, Jill Frizzley, as Independent Manager, Marc Beilinson, as Independent Manager, any Executive Vice President, or any other duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

## Retention of Professionals

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Bradley Arant Boult Cummings LLP ("Bradley"), as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Bradley.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Portage Point Partners, LLC ("Portage Point"), as restructuring advisor to each Company to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay

appropriate retainers, and cause to be filed an appropriate application for authority to employ or retain the services of Portage Point.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Jefferies LLC ("<u>Jefferies</u>"), as financial advisor and investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC ("<u>Prime Clerk</u>"), as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Cash Collateral and Debtor-in-Possession Financing**

RESOLVED, that the form, terms and provisions of the DIP Term Sheet and each of the other DIP Loan Documents (as defined below), and each Company's incurrence and performance of its DIP Obligations under the DIP Term Sheet and each of the other DIP Loan Documents, including any borrowings of Loans in such amounts as may be available to the Borrower from time to time thereunder and the consummation of the transactions contemplated thereby, be, and hereby are, in all respects, authorized and approved; and further resolved, that each **Company's** chief executive officer, chief operating officer, chief financial officer, president, chief restructuring officer, vice president, general counsel, treasurer, assistant treasurer, secretary, assistant secretary and any other person so designated by the **Board or** chief executive officer or the president **of each Company** (the "<u>Authorized Officers</u>"), acting alone or with one or more Authorized Officers be, and hereby is, authorized and empowered to execute and deliver, and to cause each Company to incur and

perform its DIP Obligations under, the DIP Term Sheet and each of the instruments and documents listed below and all other agreements, documents and instruments contemplated by any of the foregoing or requested by the Administrative Agent or the Collateral Agent in connection with any of the foregoing, including, for the avoidance of doubt, all "DIP Loan Documents" as defined in the DIP Term Sheet (together with the DIP Term Sheet, the "DIP Loan Documents"), and each of the documents and instruments contemplated thereby, in the name and on behalf of each Company under its seal or otherwise, substantially in the forms presented to the Board, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof:

(a)     any notes executed by the Borrower in connection with the DIP Term Sheet;

(b)     any fee letter in connection with the DIP Term Sheet;

(c)     any security documents in connection with the DIP Term Sheet;

(d)     the Interim Order;

(e)     the Final Order;

(f)     any intercreditor agreement in connection with the DIP Term Sheet;

(g)     any commitment letter in connection with the DIP Term Sheet;

(h)     any guarantee in connection with the DIP Term Sheet;

(i)     UCC financing statements, fixture filings, and other instruments as may be reasonably requested by the Administrative Agent or the Collateral Agent or as may be necessary or appropriate to create, preserve and perfect the security interests purported to be created by the Security Documents;

(j)     such other security agreements, pledge agreements, deeds of trust, mortgages, notices, financing statements, tax affidavits, reaffirmation agreements, and other instruments as the Administrative Agent or the Collateral Agent may reasonably request or as may be necessary or appropriate to create, preserve and perfect the liens purported to be required pursuant to the DIP Loan Documents to be created in the DIP Collateral as collateral security for the payment of obligations, advances, debts or liabilities related to each Company's DIP Obligations;

(k)     such agreements with third parties (including, without limitation, bank agency agreements, motor vehicle perfection agreements, lockbox agreements, blocked account agreements, control agreements, credit card notices, customs broker agreements, landlord agreements and warehouse letters) relating to the DIP Collateral as the Administrative Agent or the Collateral Agent may reasonably request or as may be necessary or appropriate to create, preserve and perfect the liens purported to be required pursuant to the DIP Loan Documents to be created

in the DIP Collateral as collateral security for the payment of obligations, advances, debts or liabilities related to each Company's obligations;

(l)     any other DIP Loan Documents (as defined in the DIP Term Sheet); and

(m)     such other documents, agreements, instruments, certificates, **notices, assignments** and documents as may be reasonably requested by the Administrative Agent or the Collateral Agent or required by the DIP Term Sheet, the Security Documents or any other DIP Loan Documents.

RESOLVED, that each Company will receive value and obtain benefits from the incurrence of the Loans by the Borrower and the other obligations under the DIP Term Sheet and the DIP Loan Documents which are necessary and convenient to the conduct, promotion and attainment of the business of each Company.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered, in the name and on behalf of each Company, guarantee and to grant a security interest and lien in all of each Company's assets pursuant to the terms of the DIP Loan Documents, including, without limitation, a pledge of all of the equity interests now owned or hereafter acquired by each Company and all personal and real property of each Company now owned or hereafter acquired by each Company,  in each case, to the Collateral Agent, and the Collateral Agent is authorized to file or record financing statements and other filing or recording documents or instruments with respect to the Collateral without the signature of each Company in such form and in such offices as the Collateral Agent  or any Authorized Officer determines appropriate or necessary to perfect the perfection of the security interests of the Collateral Agent under the DIP Term Sheet and the other DIP Loan Documents.  Without limiting the generality of the foregoing, the Collateral Agent is expressly authorized to use a collateral description that encompasses "all assets" or "all personal property" of each Company, wheresoever located, whether now owned and existing or hereafter acquired, together with all proceeds thereof or any similar all assets description in any such financing statements or other filing or recording documents or instruments.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered, in the name and on behalf of each Company, to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the DIP Loan Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates or documents relating to the transactions contemplated by the DIP Term Sheet or any of the other DIP Loan Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of each Company, which shall in their sole judgment be necessary, proper or advisable in order to perform each Company's obligations under or in connection with the DIP Term Sheet or any of the other DIP Loan Documents and the transactions contemplated therein, and which necessity or advisability shall be conclusively evidenced by such Authorized Officer's execution thereof, to carry out fully the intent of the foregoing resolutions.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, extensions, replacements, consolidations, substitutions and extensions of

the DIP Term Sheet and any of the DIP Loan Documents which shall in their sole judgment be necessary, proper or advisable.

RESOLVED, that the capitalized terms used in the resolutions under the caption "**DEBTOR-IN-POSSESSION TERM SHEET**" and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Term Sheet.

**Prior Actions**

RESOLVED, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Term Sheet and any other instruments, agreements or documents related thereto entered into prior to, on or after the date hereof, be, and hereby are, in all respects confirmed, approved and ratified. The actions taken by this written consent shall have the same force and effect as if taken at a meeting of the Board, duly called and constituted, pursuant to the Governing Agreements and the applicable laws of the jurisdiction in which each such Company is organized. This consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same consent.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's

reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Being all of the members of the Transaction Committee of:

**Dura Automotive Systems, LLC**

*/s/ Jill Frizzley*
Name:  Jill Frizzley
Title:  Independent Manager

*/s/ Marc Beilinson*
Name:  Marc Beilinson
Title:  Independent Manager

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Being all of the members of the Transaction Committee of:

**Dura Operating, LLC**


*/s/ Jill Frizzley*
Name:  Jill Frizzley
Title:  Independent Manager


*/s/ Marc Beilinson*
Name:  Marc Beilinson
Title:  Independent Manager

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Being the Manager of:

**Dura Mexico Holdings, LLC**
**NAMP, LLC**
**Dura Automotive Systems Cable**
**Operators, LLC**
**Dura Fremont, L.L.C.**


*/s/ Kevin Grady*
Name: Kevin Grady
Title: Manager

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

Being all of the partners of:

**Dura, G.P.**

**Dura Operating, LLC**

*/s/ Kevin Grady*
Name: Kevin Grady
Title: Chief Financial Officer

**Dura Mexico Holdings, LLC**

*/s/ Kevin Grady*
Name: Kevin Grady
Title: Chief Financial Officer

## Exhibit A

| Company | Jurisdiction |
|---|---|
| Dura Automotive Systems, LLC | Delaware |
| Dura Mexico Holdings, LLC | Delaware |
| NAMP, LLC | Delaware |
| Dura Automotive Systems Cable Operations, LLC | Delaware |
| Dura Fremont L.L.C. | Michigan |
| Dura Operating, LLC | Delaware |
| Dura G.P. | Delaware |

Fill in this information to identify the case:

Debtor name **Dura Automotive System, LLC.**

United States Bankruptcy Court for the: **Middle District of Tennessee**

Case number (if known) _____

❑ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

Certain of the Debtors are named as defendants in over 2,600 actions across the country in connection with the marketing and sale of opioid medications ("**Pending Actions**"). Any claims asserted against any Debtor in respect of the Pending Actions (the "**Pending Action Claims**") are contingent, unliquidated in amount and disputed. All creditors asserting Pending Action Claims will be included in the Debtors' list of creditors. This List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders does not include these contingent, unliquidated and disputed claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ADVANCE FREIGHT TRAFFIC SERV 50845 MOUND ROAD SHELBY TWP, MI 48315 | ADVANCE FREIGHT TRAFFIC SERV PHONE: 586-991-0750 FAX: 586-991-0757 EMAIL: SALES@ADVANCEFRT.COM | FREIGHT / SHIPPING | | | | $2,851,202.05 |
| 2 | PLASTI-PAINT INC. 801 WOODSIDE DRIVE P.O. BOX 280 ST LOUIS, MI 48880 | PLASTI-PAINT INC. PHONE: 989 681 5702 FAX: 989-681-2790 EMAIL: | MATERIALS | | | | $1,484,080.69 |
| 3 | YOUNG TECHNOLOGY INC 900 W. FULLERTON AVE ADDISON, IL 60101 | YOUNG TECHNOLOGY INC PHONE: 630-690-4320 FAX: EMAIL: | MATERIALS | | | | $1,140,493.42 |
| 4 | BOWERS MFG 6565 S SPRINKLE RD PORTAGE, MI 49002 | BOWERS MFG PHONE: 269-323-2565 FAX: 269 323-1639 EMAIL: | MATERIALS | | | | $1,046,294.68 |
| 5 | STEEL TECHNOLOGIES DE MEXICO AVE. TRANSFORMACION #1000 PARQUE IND'L FINSA 3A ETAPA MATAMOROS, TAMAULIPAS 87316 MEXICO | STEEL TECHNOLOGIES DE MEXICO PHONE: 11-52-868-810-0210 FAX: EMAIL: | MATERIALS | | | | $1,019,197.67 |
| 6 | PACIFIC X CORPORATION 500 CARSON PLAZA DRIVE SUITE 206 CARSON, CA 90746 | PACIFIC X CORPORATION PHONE: 310-771-0591 FAX: 310-771-0535 EMAIL: INFO@PACIFICXAUTO.COM | MATERIALS | | | | $935,179.43 |

Case 3:19-bk-06737   Doc 1   Filed 10/17/19   Entered 10/17/19 01:45:41   Desc Main
Document      Page 19 of 24

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | PLS GMBH SALZSTRABE 94 HEILBRONN BADEN-WUERTTEMBERG 74076 GERMANY | PLS GMBH PHONE: 49-7131-649870 FAX: 07131-64987-27 EMAIL: | MATERIALS | | | | $879,454.06 |
| 8 | LORENTSON MFG CO SW INC 2101 AMISTAD DR SAN BENITO, TX 78586 | LORENTSON MFG CO SW INC PHONE: 956-399-8902 FAX: 956-399-8902 EMAIL: JROUTT@LORENTSON.COM | MATERIALS | | | | $764,539.97 |
| 9 | ALTEN TECHNOLOGIES USA 3221 W BIG BEAVER ROAD SUITE 116 TROY, MI 48325 | ALTEN TECHNOLOGIES USA PHONE: 248 797 4305 FAX: EMAIL: | ADAS DEVELOPMENT | | | | $750,108.79 |
| 10 | VENTURE STEEL DE MEXICO RL DE CV AVENIDA JOSE VASCONCELOS SAN PEDRO GARZA G. 66265 MEXICO | VENTURE STEEL DE MEXICO PHONE: 416-798-9396 FAX: EMAIL: | MATERIALS | | | | $669,171.62 |
| 11 | TF-METAL U.S.A., LLC 70 PRECISION DR WALTON, KY 41094 | TF-METAL U.S.A., LLC PHONE: 859-485-3977 FAX: EMAIL: | MATERIALS | | | | $662,612.40 |
| 12 | AACOA EXTRUSIONS 2005 MAYFLOWER RD NILES, MI 49120 | AACOA EXTRUSIONS PHONE: 269-697-6063 FAX: 269-697-6061 EMAIL: INFO@AACOA.COM | MATERIALS | | | | $565,079.34 |
| 13 | AFX INDUSTRIES 5845 E. 14TH ST. BROWNSVILLE, TX 78510 | AFX INDUSTRIES PHONE: 956-550-8304 FAX: 810-966-9522 EMAIL: JFLETCHER@AFXINDUSTRIES.COM | MATERIALS | | | | $484,632.40 |
| 14 | TRW TRANSP ELECTRON- MEXICO TRANPORTATION ELECT. DIV 24175 RESEARCH DRIVE FARMINGTON HILLS, MI 28335-9971 | TRW TRANSP ELECTRON- MEXICO PHONE: 956-971-5000 FAX: 248-442-8640 EMAIL: | MATERIALS | | | | $459,601.56 |
| 15 | QAD, INC. 10000 MIDLANTIC DRIVE SUITE 100 MT. LAUREL, NJ 8054 | QAD, INC. PHONE: 317-345-6700 FAX: EMAIL: INFO@QAD.COM | IT | | | | $438,556.28 |
| 16 | EASTERN SINTERED ALLOYS INC. 126 ACCESS RD. P.O. BOX 708 ST. MARYS, PA 15857 | EASTERN SINTERED ALLOYS INC. PHONE: 814-834-1216 FAX: 440-356-5553 EMAIL: DBLEITCH@COOK-LEIGH.COM; JTLEICH@COOK-LEITCH.COM | MATERIALS | | | | $434,740.96 |
| 17 | VIVACQUA LAW PLLC 3101 E. EISENHOWER PARKWAY SUITE 1 ANN ARBOR, MI 48108 | VIVACQUA LAW PLLC PHONE: 734-418-3142 FAX: 734-418-3320 EMAIL: MAIL@VIVACQUALAW.COM | LEGAL | | | | $430,511.66 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | MULTITECH INDUSTRIES 350 VILLAGE DRIVE CAROL STREAM, IL 60188 | MULTITECH INDUSTRIES PHONE: 630-784-9200 FAX: 630-784-9225 EMAIL: INFO@MULTITECHIND.COM | MATERIALS | | | | $420,288.54 |
| 19 | DAJACO INDUSTRIES, INC. 49715 LEONA DRIVE CHESTERFIELD, MI 48051 | DAJACO INDUSTRIES, INC. PHONE: 586-949-1590 FAX: 586-949-8407 EMAIL: | MATERIALS | | | | $380,719.15 |
| 20 | KENWAL/JCI RESALE 8223 W. WARREN AVE. P.O. BOX 4359 DEARBORN, MI 48126 | KENWAL/JCI RESALE PHONE: 313-739-1000 FAX: 313-739-1001 EMAIL: SERVICE@KENWAL.COM | MATERIALS | | | | $368,795.37 |
| 21 | TEKNOR APEX COMPANY 505 CENTRAL AVENUE PAWTUCKET, RI 02861-1900 | TEKNOR APEX COMPANY PHONE: 401-642-3662 FAX: 401-725-8095 EMAIL: | MATERIALS | | | | $365,419.51 |
| 22 | ESSENCE FASTENING SYSTEM (SHANGHAI) CO LTD NO 39,100 LN OF FENGSHUO RD SHANGHAI 201818 CHINA | ESSENCE FASTENING SYSTEM PHONE: 86-21-5990-7217 FAX: EMAIL: | MATERIALS | | | | $364,691.67 |
| 23 | METAL SYSTEMS OF MEXICO, LLC KAPPA #425 PARQUO INDUSTRIAL FINSA APODACA, NUEVO LEON 66600 MEXICO | METAL SYSTEMS OF MEXICO, LLC PHONE: 248-299-7635 FAX: EMAIL: | RELATED PARTY | | | | $359,195.28 |
| 24 | SEACO 725 KEYSTONE DR CLANTON, AL 35046 | SEACO PHONE: 205-755-3084 FAX: EMAIL: | MATERIALS | | | | $356,824.00 |
| 25 | FUTURE ELECTRONICS(US) LLC 237 HYMUS BLVD POINTE-CLAIRE, QC H9R 5C7 CANADA | FUTURE ELECTRONICS(US) LLC PHONE: 248 277 4041 FAX: 514-695-3707 EMAIL: | MATERIALS | | | | $356,696.56 |
| 26 | METALKRAFT INDUSTRIES 1944 SHUMWAY HILL ROAD P.O. BOX 606 WELLSBORO, PA 16901 | METALKRAFT INDUSTRIES PHONE: 570-724-6800 FAX: 570-724-6999 EMAIL: AARON@METALKRAFTPM.COM | MATERIALS | | | | $351,970.05 |
| 27 | BILCO WIRE ROPE & SUPPLY 1285 CENTRAL AVENUE HILLSIDE, NJ 7205 | BILCO WIRE ROPE & SUPPLY PHONE: 908-351-7800 FAX: 908-355-5544 EMAIL: SALES@BILCOGROUP.COM | MATERIALS | | | | $351,837.10 |
| 28 | EMPAQUES RIO GRANDE SA DE CV BENITO JUAREZ 2040 ENTRE PROL GONZALEZ Y RAUL GARATE MATAMOROS 87340 MEXICO | EMPAQUES RIO GRANDE SA DE CV PHONE: 868-810-9100 FAX: EMAIL: VENTASMAT@BOXES.MX | MATERIALS | | | | $351,816.47 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | THE BANK OF NEW YORK MELLON 500 ROSS STREET PITTSBURGH, PA 15262 | THE BANK OF NEW YORK MELLON PHONE: 412-234-5000 FAX: EMAIL: | EMPLOYEE EXPENSE | | | | $346,000.00 |
| 30 | PERFECTION SPRING & STAMPING P.O. BOX 275 1449 EAST ALGONQUIN ROAD MOUNT PROSPECT, IL 60056-0275 | PERFECTION SPRING & STAMPING PHONE: 847-437-3900 FAX: EMAIL: 411@PSS-CORP.COM | MATERIALS | | | | $343,494.20 |
| 31 | COOPER CONTAINER CORP D/B/A COOPER CONRAINER CORP 204 KIRBY DRIVE LEXINGTON, TN 38351 | COOPER CONTAINER CORP PHONE: 731-968-7300 FAX: EMAIL: | MATERIALS | | | | $336,468.10 |
| 32 | TATA TECHNOLOGIES, INC. 41050 W. ELEVEN MILE RD NOVI, MI 48375 | TATA TECHNOLOGIES, INC. PHONE: 248-426-1775 FAX: EMAIL: | IT | | | | $333,101.72 |
| 33 | WRIGHT PLASTIC PRODUCTS 201 CONDENSERY ROAD SHERIDAN, MI 48884 | WRIGHT PLASTIC PRODUCTS PHONE: 989-291-3211 FAX: 989-291-5321 EMAIL: WPPS@WPPLLC.COM | MATERIALS | | | | $324,313.17 |
| 34 | THOMPSON IG, LLC 3196 THOMPSON ROAD FENTON, MI 48430 | THOMPSON IG, LLC PHONE: 810-629-9558 FAX: 810-629-8342 EMAIL: INFO@THOMPSONIG.COM | MATERIALS | | | | $311,982.79 |
| 35 | MENTOR GRAPHICS CORPORATION 8005 SW BOECKMAN RD. WILSONVILLE, OR 97070-7777 | MENTOR GRAPHICS CORPORATION PHONE: 503-685-7000 FAX: EMAIL: SALES_INFO@MENTOR.COM | IT | | | | $309,087.11 |
| 36 | VT INDUSTRIAL TECHNOLOGY CO. #32 JIANHONG ROAD, WUXI NEW WUXI 214145 CHINA | VT INDUSTRIAL TECHNOLOGY CO. PHONE: 86-510-6856-1027 FAX: EMAIL: INFO@VT-IND.COM | MATERIALS | | | | $300,080.00 |
| 37 | SUMEEKO LTD CMAI C/O SUMEEKO 41400 EXECUTIVE DR HARRISON TOWNSHIP, MI 48045 | SUMEEKO LTD PHONE: 313-974-0122 FAX: EMAIL: | MATERIALS | | | | $297,147.55 |
| 38 | PILKINGTON NORTH AMERICA INC 300 NORTHRIDGE RD SHELBYVILLE, IN 46176 | PILKINGTON NORTH AMERICA INC PHONE: 419-247-3819 FAX: EMAIL: | MATERIALS | | | | $290,748.12 |
| 39 | RANDSTAD P.O. BOX 2084 CAROL STREAM, IL 60132-2084 | RANDSTAD PHONE: 877-601-7453 FAX: EMAIL: | CONTRACTOR | | | | $288,356.69 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 40 | VITRO AUTOMOTRIZ SA DE CV CARRETERA A GARCIA KM 10.3 GARCIA 66000 MEXICO | VITRO AUTOMOTRIZ SA DE CV PHONE: 52-81-8329-3600 FAX: EMAIL: | MATERIALS | | | | $287,913.50 |
| 41 | FASTCO INDUSTRIES INC 2685 MULLENS AVENUE P.O. BOX 141427 GRAND RAPIDS, MI 49514 | FASTCO INDUSTRIES INC PHONE: 616-389-1391 FAX: 616-453-0728 EMAIL: SALES@FASTCOIND.COM | MATERIALS | | | | $272,850.87 |
| 42 | AOC METALWORKS 2005 LIBERTY AVENUE P.O. BOX 98 LAWRENCEBURG, TN 38464 | AOC METALWORKS PHONE: 931-766-7750 FAX: 931-766-7753 EMAIL: | MATERIALS | | | | $269,045.02 |
| 43 | BEKAERT CORPORATION - AR 1881 BEKAERT DR VAN BUREN, AR 72956 | BEKAERT CORPORATION - AR PHONE: 479-474-5211 FAX: EMAIL: | MATERIALS | | | | $264,505.97 |
| 44 | SUNDARAM INDUSTRIES C/O UTI WAREHOUSE 1350 CHEERS BLVD BROWNSVILLE, TX 78521 | SUNDARAM INDUSTRIES PHONE: 586-515-0012 FAX: EMAIL: | MATERIALS | | | | $262,270.24 |
| 45 | HELLA 43811 PLYMOUTH OAKS BLVD. PLYMOUTH TWP., MI 48170-2539 | HELLA PHONE: 618-662-0703 FAX: 734-414-5098 EMAIL: INFO-USA@HELLA.COM | MATERIALS | | | | $259,694.68 |
| 46 | MARKEL CORPORATION P.O. BOX 752 NORRISTOWN, PA 19404 | MARKEL CORPORATION PHONE: 610-272-8960 FAX: EMAIL: | INSURANCE | | | | $256,608.37 |
| 47 | S&P GLOBAL RATINGS 2542 COLLECTION CENTER DRIVE CHICAGO, IL 60693 | S&P GLOBAL RATINGS PHONE: 1-800-767-1896 FAX: 212-438-5178 EMAIL: | FINANCING | | | | $255,804.00 |
| 48 | ERNST & YOUNG LLP P.O. BOX 640382 PITTSBG NTNL BNK-PITT 640382 PITTSBURGH, PA 15264-0382 | ERNST & YOUNG LLP PHONE: 412-644-7800 FAX: 412-644-0477 EMAIL: | ADVISORY | | | | $253,000.00 |
| 49 | CROWN GROUP CO 12020 SHELBY TECH DR SHELBY TOWNSHIP, MI 48315 | CROWN GROUP CO PHONE: 586 558 5310 FAX: 586-739-7610 EMAIL: | MATERIALS | | | | $240,547.42 |
| 50 | CARLEX GLASS AMERICA, LLC 7200 CENTENNIAL BLVD NASHVILLE, TN 37209 | CARLEX GLASS AMERICA, LLC PHONE: 615-350-7500 FAX: EMAIL: | LITIGATION | | | | UNLIQUIDATED |

Debtor Name        Dura Automotive Systems Cable Operations, LLC

United States Bankruptcy Court for the:       Middle District of Tennessee

                                                            (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### █   Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____ **List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

                                              ☒ */s/ Kevin Grady*

**10/16/2019**

MM/ DD/YYYY                        Signature of individual signing on behalf of debtor

                                            **Kevin Grady**

                                            Printed name

                                            **Authorized Signatory**

                                            Position or relationship to debtor

**Official Form 202**                       **Declaration Under Penalty of Perjury for Non-Individual Debtors**